JUDGE CASTEL

13 CIV 4879

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NELSON AGOSTO,

                                 Plaintiff,

- against -

THE CITY OF NEW YORK, SGT. THOMAS MATIAS, Shield No. 00493, individually and in his official capacity; BRIDGE AND TUNNEL OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities and POLICE OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities (the name "John Doe" being fictitious as the true names are not presently known),

                                 Defendants.

Civil Action No:

**COMPLAINT**

Jury Trial Demanded

ECF CASE

---

Plaintiff, NELSON AGOSTO, by his attorneys, OKUN, ODDO & BABAT, P.C., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

**VENUE**

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, NELSON AGOSTO, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Triboro Bridge and Tunnel Authority a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

10. At all times hereinafter mentioned, the individually named defendants, SGT. THOMAS MATIAS, BRIDGE AND TUNNEL OFFICERS "JOHN DOE" 1 through 5, and POLICE OFFICERS "JOHN DOE" 1 through 5, were duly sworn law enforcement officers of said departments and were acting under the supervision of said departments and according to their official duties.

11. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

14. On or about December 4, 2011, at approximately 6:40 a.m., plaintiff NELSON AGOSTO was lawfully present in the vicinity of 311 East 37th Street in New York County in the City and State of New York.

15. At that time and place, the above named individual officers approached the plaintiff, grabbed him out of his vehicle, threw him to the ground, sprayed pepper spray in his eyes, and handcuffed his arms tightly behind his back.

16. At no time on December 4, 2011 did the defendant officers possess justification to use such force against NELSON AGOSTO and the application of such force was objectively unreasonable under the circumstances prevailing then and there.

17. Thereafter, the plaintiff was transferred to a nearby police precinct.

18. At no time on December 4, 2011 did plaintiff commit any crime or violation of law.

19. At no time on December 4, 2011 did defendants possess probable cause to arrest plaintiff.

20. At no time on December 4, 2011 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

21. In connection with his arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

22. As a result of the defendants' conduct, the plaintiff was charged with two counts of Assault in the Third Degree, Resisting Arrest, and Harassment in the Second Degree.

23. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

24. Specifically, defendants falsely, knowingly, and maliciously alleged that plaintiff threatened the defendant SERGEANT THOMAS MATIAS and struck him about the face and chest causing bruising and swelling.

25. At no time on December 4, 2011 did plaintiff, NELSON AGOSTO, threaten or assault any individual.

26. As a direct result of his unlawful arrest and the unlawful acts of the defendants,

plaintiff spent approximately five (5) days in custody.

27. Additionally, as a direct result of the defendants' unlawful actions, plaintiff spent approximately seventeen (17) months making numerous court appearances.

28. Despite defendants actions, all charges against plaintiff, NELSON AGOSTO, were dismissed when he was acquitted after trial by jury on May 14, 2013.

29. As a result of the foregoing, plaintiff NELSON AGOSTO sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates, and realleges each and ever allegation contained in paragraphs numbered 1 through 29 with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff, NELSON AGOSTO, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York, the New York City Triboro Bridge and Tunnel Authority, and the New York City Police Department, all under the supervision of ranking officers of said departments.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 35 with the same force and effect as if fully set forth herein.

37. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege or consent.

38. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF FOR
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates, and realleges each and ever allegation contained in paragraphs numbered 1 through 38 with the same force and effect as if fully set forth herein.

40. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiffs.

41. Specifically, the defendants utilized excessive force in handcuffing the plaintiff, in taking him to the ground, and in applying pepper spray to his eyes.

42. As a result of the foregoing, the plaintiff, NELSON AGOSTO, sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 42 with the same force and effect as if fully set forth herein.

44. Defendants misrepresented and falsified evidence before the New York County District Attorney.

45. Defendants did not make a complete and full statement of facts to the District

Attorney.

46. Defendants withheld exculpatory evidence from the District Attorney.

47. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, NELSON AGOSTO.

48. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, NELSON AGOSTO.

49. Defendants acted with malice in initiating criminal proceedings against plaintiff, NELSON AGOSTO.

50. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, NELSON AGOSTO.

51. Defendants lacked probable cause to continue criminal proceedings against plaintiff, NELSON AGOSTO.

52. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

53. Specifically, defendants falsely, maliciously, and knowingly alleged that plaintiff threatened and assaulted the defendant, SGT. THOMAS MATIAS.

54. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on May 14, 2013 when he was acquitted of all charges after trial by jury.

55. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he sustained, *inter alia*, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF FOR DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 55 as if the same were more fully set forth at length herein.

57. Defendants created false evidence against plaintiff NELSON AGOSTO.

58. Specifically, defendants falsely, maliciously, and knowingly alleged that plaintiff threatened and assaulted the defendant, SGT. THOMAS MATIAS.

59. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office.

60. Defendants misled the prosecutors by creating false evidence against plaintiff, NELSON AGOSTO, and thereafter providing false testimony throughout the criminal proceedings.

61. In creating false evidence against plaintiff, NELSON AGOSTO, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

62. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he sustained, *inter alia*, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 62 as if the same were more fully set forth at length herein.

64. Defendants arrested and incarcerated plaintiff, NELSON AGOSTO, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

65. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

66. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York, the New York City Triboro Bridge and Tunnel

Authority, and the New York City Police Department, all under the supervision of ranking officers of said departments.

67.  The aforesaid customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Triboro Bridge and Tunnel Authority, and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

  i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

  ii. arresting individuals regardless of probable cause in order to cover-up police misconduct

  iii. falsifying evidence and testimony to support those arrests;

  iv. falsifying evidence and testimony to cover-up police misconduct.

68.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Triboro Bridge and Tunnel Authority, and the New York City Police Department led directly to officers of those institutions expressing deliberate indifference to the safety, well-being and constitutional rights of plaintiff, NELSON AGOSTO.

69.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Triboro Bridge and Tunnel Authority, and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

70.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Triboro Bridge and Tunnel Authority, and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

71.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Triboro Bridge and Tunnel Authority, and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

72.  As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Triboro Bridge and Tunnel Authority, and the New

York City Police Department, plaintiff was incarcerated unlawfully.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

74. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

75. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the rights:

    i. not to be deprived of liberty without due process of law;

    ii. to be free from seizure and arrest not based upon probable cause;

    iii. to be free from unwarranted and malicious criminal prosecution;

    iv. not to have excessive force exerted upon him; and

    v. to be afforded a fair trial.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
July 12, 2013

OKUN, ODDO & BABAT, P.C.

By: _____
Eric M. Babat, Esq. (EMB-5573)
Attorneys for Plaintiff
8 West 38th Street, 10th Fl.
New York, New York 10018
(212) 642-0950
File: 9747